RAYMOND GLENN v. STATE.

No. 24954. November 29, 1950.
Rehearing Denied January 31, 1951.

*C. C. McKinney*, Cooper, *M. D. Emerson*, Paris, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for cattle theft with a sentence of five years in the penitentiary.

This is a companion case to that of Wynn v. State decided by this Court on January 4, 1950, and reported in 154 Tex. Crim. Rep. 173, 225 S.W. 2d p. 414. The facts of the two cases are identical. The witnesses are the same and it will not be necessary to restate the evidence in this opinion. It is shown in the Wynn case that he and the appellant in this case acted together in stealing the cattle, in bringing them to town and selling them to Rosson and Preston.

The questions of law are practically the same as in the Wynn case and we think the trial court in the instant case complied with the holdings of this court in the Wynn case.

Several pages in the transcript contain the exceptions filed to the trial court's charge. Apparently the charge was reformed and some of the exceptions complied with.

Bill of Exception No. 1 complains of the refusal of the court to grant appellant's motion for an instructed verdict. This is the identical question discussed in the Wynn case and the same ruling is here made.

Bill of Exception No. 2 brings forward an exception to the court's charge because of the contention that he did not charge the jury that if they had a reasonable doubt as to whether or not the witnesses Rosson and Preston are both accomplices they would acquit the defendant. In view of the language of the charge we see no reason for this bill. In the Wynn case we held that it was a question of fact for the jury to determine whether or not these two witnesses were accomplices. We find nothing new in the statement of facts in this case which would call for a change in the charge which the court gave. We adhere to the ruling in the Wynn case and overrule appellant's contention.

In his brief appellant argues, with some force, that the cattle which were found in the state of Arkansas and identified as belonging to the prosecuting witness in this case were not shown to have come from appellant. Rosson and Preston testified to the purchase of ten head of cattle. The two in question in this case are alleged to have been among them. They employed Boyce Campbell, of Detroit, to haul them to Texarkana the same night. He testified, in turn, that he sold them, collected the money for them and delivered the check to Rosson and Preston. Bob Lee Evans was identified by Campbell as the person to whom he delivered the cattle at the Four States Commission Company, in Texarkana. Bob Lee Evans then testified that he received the ten head of cattle and placed them in pen No. 249, and that there were no other cattle in that pen. Francis Adams, an inspector for the Texas-Southwestern Cattle Raisers Association, examined the cattle in pen 249 and later saw them in Kelley Bud's place in Arkansas where they were identified by the prosecuting witness as his cattle. Adams says the two cattle identified were the same ones that were placed in pen 249 on the date testified to by Evans. Houston Whitney, the owner of the cattle in question, in company with Adams, identified the two head of cattle as his on the farm in Arkansas where they were found. On cross-examination he testified: "Yes, sir. When I traced them back I found they were

sold by Rosson and Preston." He was not examined as to the things he did to trace them back, but his testimony stands that they were the same cattle sold by Rosson and Preston and thus it is shown that the Houston Whitney cattle were taken without his consent; that he found them on a farm in Arkansas; that they were the same cattle placed in pen 249. This makes the evidence sufficient to sustain the conviction.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

The record has again been reviewed carefully in the light of appellant's motion for rehearing.

He argues with much force the contention that the testimony of Inspector Francis Adams is not sufficient to support a finding by the jury that he inspected the identical ten head of cattle delivered to the stockyards in Texarkana by Boyce Campbell, nor a finding that the two head of cattle he saw at Kelley Bud's place in Arkansas had ever been among the ten head he inspected at Texarkana.

Adams testified that the two head of cattle he saw in Kelley Bud's place "were the same cattle that were in that pen 249 at the time I inspected them."

The record does not show that Adams, in his testimony fixed the exact time of his inspection of the ten head of cattle. But having testified that he was, on or about November 18th or 19th, employed as an inspector for the Texas-Southwestern Cattle Raisers Association as brand inspector, he testified: "Yes Sir, on or about that date I had an occasion to inspect ten head of cattle. They were there in the stockyards. They were in —well, I believe 249 is the first pen on the left as you go in the alley."

He also testified: "Yes Sir, I saw some of those cattle later. I saw them at Ogden, Arkansas. I saw them at Kelley Bud's place."

If there be doubt as to the sufficiency of Inspector Adams' testimony to show that the cattle he inspected were the identical ten head placed in pen 249 and which came from Preston and

Rosson and were delivered to the stockyards by Boyce Campbell, we think that the deficiency was supplied by the testimony of Houston Whitney brought out in his cross-examination by appellant's counsel to the effect that he did not know who took his cattle, but he traced them back and found that they were sold by Rosson and Preston. Having brought out this testimony, appellant pursued the matter no further in an effort to show what the tracing consisted of, or that it was upon hearsay.

We remain convinced that the circumstantial evidence is sufficient to support the verdict of the jury, and that other questions raised on the appeal were properly disposed of on original submission.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.